United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ESTRADA NAJERA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-06428 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Mexico, Petitioner entered the United States with her family on or around April 21, 2024, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 7-1 at 3. She was placed in removal proceedings and released from custody on her own recognizance that same day. *Id.*; Dkt. No. 1 ¶ 19. After her release, Petitioner began living in the United States with her three children. Dkt. No. 1 ¶ 27. She is the primary financial provider for her family, and contends that her brother and sister-in-law have had to care for her children while she has been detained. *Id.* ¶ 27. ICE officers detained Petitioner on June 30, 2026 at the Porterville courthouse where she was scheduled to appear for a criminal case involving domestic violence charges. *Id.* ¶ 21.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC),

2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking her release. Petitioner has a clear liberty interest in her continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On August 13, 2026, the Court set an expedited briefing schedule on the petition and indicated that it intended to rule on the petition and motion for temporary restraining order together. *See* Dkt. No. 6. Respondents filed an opposition on August 17, 2026, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), but otherwise did not oppose the Court ruling directly on the underlying petition. Respondents' statutory argument has been widely rejected across this circuit, and the Court does the same here. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). For the reasons explained above, Petitioner was entitled to pre-deprivation process prior to the revocation of her release.[1]

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED

[1] Respondents attached a RAP sheet to their opposition indicating that Petitioner may have been charged with a domestic violence related offense on or around May 22, 2026. Dkt. No. 7-4 at 4. Respondents did not address the significance of this charge in their briefing, or argue that it justified her arrest and current detention. Had Respondents made such an argument, the Court would have considered it.

United States District Court
Eastern District of California

to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 19, 2026

EDWARD J. DAVILA
United States District Judge